<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| KATHY CULVER, | : | **Civil Action No. 19-19504 (SRC)** |
|  | : |  |
| Plaintiff, | : |  |
|  | : | **OPINION** |
| v. | : |  |
|  | : |  |
| COMMISSIONER OF | : |  |
| SOCIAL SECURITY, | : |  |
| Defendant. | : |  |
|  | : |  |

<u>**CHESLER, District Judge**</u>

This matter comes before the Court on the appeal by Plaintiff Kathy Culver ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that she was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. CIV. R. 9.1(b), finds that the Commissioner's decision will be affirmed.

In brief, this appeal arises from Plaintiff's application for disability insurance benefits, alleging disability beginning June 30, 2015. A hearing were held before ALJ Kenneth Ayers (the "ALJ") on April 9, 2018, and the ALJ issued an unfavorable decision on June 19, 2018. Plaintiff sought review of the decision from the Appeals Council. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

1

In the decision of June 19, 2018, the ALJ found that, at step three, Plaintiff did not meet or equal any of the Listings. At step four, the ALJ found that Plaintiff retained the residual functional capacity to perform sedentary work, with certain nonexertional limitations. At step four, the ALJ also found that Plaintiff is able to perform her past relevant work as it is generally performed. The ALJ concluded that Plaintiff had not been disabled within the meaning of the Act.

On appeal, Plaintiff argues that the Commissioner's decision should be reversed and the case remanded on several grounds: 1) the ALJ erred at step three in finding that Plaintiff did not meet the requirements of any impairment in the Listings; 2) the ALJ erred at step four by failing to give controlling weight to the opinion of Plaintiff's treating physician; 3) ) the ALJ erred at step four by failing to sufficiently explain the assessment of Plaintiff's subjective complaints; and 4) the ALJ erred in his use of the testimony of the vocational expert.

Plaintiff's case on appeal suffers from two principal defects: 1) its failure to deal with the issue of the burden of proof at the first four steps of the sequential evaluation process; and 2) its failure to deal with the harmless error doctrine. As to the burden of proof, Plaintiff bears the burden in the first four steps of the analysis of demonstrating how his impairments, whether individually or in combination, amount to a qualifying disability. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

As to the harmless error doctrine, the Supreme Court explained its operation in a similar procedural context in Shinseki v. Sanders, 556 U.S. 396, 409 (2009), which concerned review of a governmental agency determination. The Court stated: "the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." Id. In such a

2

case, "the claimant has the 'burden' of showing that an error was harmful." Id. at 410.

Plaintiff thus bears the burden, on appeal, of showing not merely that the Commissioner erred, but also that the error was harmful. At the first four steps, this requires that Plaintiff also show that, but for the error, she might have proven her disability. In other words, when appealing a decision at the first four steps, if Plaintiff cannot articulate the basis for a decision in her favor, based on the existing record, she is quite unlikely to show that an error was harmful.

Plaintiff first argues that, in finding that Plaintiff did not meet the requirements of any impairment in the Listings, the ALJ erred at step three, with several arguments. Plaintiff argues that the medical evidence of record shows that Plaintiff meets the requirements of Listing 1.04C, which states:

> **1.04** *Disorders of the spine* (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:
>
> . . .
>
> C. Lumbar spinal stenosis resulting in pseudoclaudication, established by findings on appropriate medically acceptable imaging, manifested by chronic nonradicular pain and weakness, and resulting in inability to ambulate effectively, as defined in 1.00B2b.

In support, Plaintiff cites Dr. Schoeb's post-operative surgical report, dated July 30, 2018. (Tr. 14-16.) Plaintiff's brief fails to recognize, however, that this document was not of record when the ALJ issued his decision on June 19, 2018. The ALJ did not err by failing to address evidence that was not of record – it did not yet exist – at the time of his decision.

Nor did Plaintiff ask this Court to remand this case for consideration of new evidence, pursuant to sentence six of 42 U.S.C. § 405(g), which states, in relevant part:

3

> The court . . . may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.

Plaintiff did not request a remand for consideration of new evidence but, even if she had, Plaintiff has not even attempted to show that two requirements of sentence six are met. Plaintiff has not argued that there is good cause for the failure to include the new evidence in the record prior to the decision and, more crucially, Plaintiff has not shown that such evidence is material such that its inclusion might have changed the ultimate decision. Plaintiff reports, correctly, that the post-surgical report gives a diagnosis of "Lumbar stenosis with neurogenic claudication." (Tr. 14.) Plaintiff has not explained, however, how this evidence meets the requirement of Listing 1.04C, which requires, "Lumbar spinal stenosis resulting in pseudoclaudication." Plaintiff has given the Court no basis to infer that the Schoeb diagnosis is equivalent to the Listing requirement. Moreover, Plaintiff has not addressed the other requirements of Listing 1.04C, which are: "chronic nonradicular pain and weakness, . . . resulting in inability to ambulate effectively." Plaintiff has made no showing that, were the ALJ to have considered the new evidence, she could have met all the requirements of Listing 1.04C. Without such a showing, this Court has no basis to find that the new evidence is material.

Plaintiff also argues that, at step three, the evidence shows that Plaintiff meets the requirements of Listings 4.02, 4.05, and 4.06. Plaintiff's brief contains no analysis or support for this position. Plaintiff further argues that the ALJ erred by failing to consider Plaintiff's impairments in combination, particularly in combination with obesity. As the Commissioner notes, the ALJ stated that he had considered Plaintiff's obesity in combination with other impairments. (Tr. 22.) As to Plaintiff's argument that the ALJ failed to consider her

4

impairments in combination, this Court makes two observations. First, the ALJ stated that he did so. (Tr. 23.) Second, Plaintiff has made no showing that, even if the ALJ had failed to properly consider her impairments in combination, this harmed her: Plaintiff has not mustered the evidence to show that specific impairments, in combination, are equivalent to a specific Listed impairment. In the absence of such a showing, this Court cannot conclude that any such error, had it occurred, harmed her.

Next, Plaintiff argues that the ALJ erred at step four by failing to give controlling weight to Plaintiff's treating physician, Dr. Baluyot-Escusa. The Commissioner, in response, contends that Dr. Baluyot-Escusa is a chiropractor, not a physician. The ALJ stated that Dr. Baluyot-Escusa is a chiropractor, and therefore not a medical source. (Tr. 28.) The Commissioner appears to be correct. The record shows that Dr. Baluyot-Escusa's professional stationery states that her degree is "DC," and that the name of her practice is "Millburn Chiropractic Arts." (Tr. 1538.) Plaintiff filed no reply brief. The Court concludes that the ALJ correctly identified Dr. Baluyot-Escusa as a chiropractor and she is therefore not a treating physician. Plaintiff cites a number of Third Circuit cases regarding the opinion of treating physicians, but Dr. Baluyot-Escusa is not a physician and does not fall within the scope of these holdings.

Moreover, even if Dr. Baluyot-Escusa was a physician, the ALJ did not err in denying her opinion controlling weight. The relevant Regulation states:

> If we find that a treating source's medical opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight.

20 C.F.R. § 404.1527(c)(2). The ALJ explained that he gave Dr. Baluyot-Escusa's opinion about Plaintiff's residual functional capacity only "some weight" because it was not supported

5

by the evidence of record. This is proper, pursuant to 20 C.F.R. § 404.1527(c)(2).

Plaintiff next argues that the ALJ erred by failing to provide a supporting explanation for the statement that Plaintiff's reports of her symptoms are not entirely consistent with the medical evidence. This is not supported by the text of the ALJ's decision, in which he states: "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." (Tr. 25.) Thus, the ALJ referred the reader to the body of the decision for the explanations of the relationship between Plaintiff's subjective statements and the medical evidence. In fact, the very next paragraph contains a detailed discussion of the relationship between Plaintiff's subjective statements and the medical evidence. (Tr. 25-26.)

Lastly, Plaintiff makes a group of arguments about the role of the testimony of the vocational expert in this decision. These arguments do not fit the decision that the ALJ wrote. The ALJ's decision states that a vocational expert testified at the hearing, but the ALJ arrived at a disability determination and concluded the analysis at step four without needing to proceed to step five. The ALJ made no use of the vocational expert testimony in the decision and Plaintiff's arguments of error have no basis in the decision as it was written. As the Commissioner observes in opposition, the ALJ concluded that Plaintiff retained the residual functional capacity to perform her past relevant work as it is generally performed, and Plaintiff has offered no challenge to this determination.

Plaintiff has failed to persuade this Court that the ALJ erred in his decision, or that Plaintiff was harmed by any errors. This Court finds that the Commissioner's decision is

6

supported by substantial evidence and is affirmed.

                                                  s/ Stanley R. Chesler
                                       STANLEY R. CHESLER, U.S.D.J.

Dated: October 23, 2020